IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC GLEN CHACHERE, | § | |
| HC SPN 00539241, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3187 |
| | § | |
| HOUSTON POLICE DEPARTMENT, *et al.*, | § | |
| Defendants. | § | |

<u>OPINION ON PARTIAL DISMISSAL</u>

Plaintiff Eric Glen Chachere, a parolee incarcerated in the Harris County, Texas Jail on charges of possession of a controlled substance and a violation of the conditions of his parole, has filed a mixed petition, asserting claims that fall under 42 U.S.C. § 1983 and a challenge to his pre-trial detention pursuant to 28 U.S.C. § 2241. Plaintiff seeks compensatory damages, and equitable relief.

I.     <u>CLAIMS</u>

In his original complaint, plaintiff reports that, on December 15, 2004, at 1:00 a.m., law enforcement officers Burdick and Newmon arrested him without a warrant and without probable cause while he was sitting in a friend's car. Plaintiff was charged with a drug offense and incarcerated in the Harris County Jail. The Magistrate Judge refused to set bond because plaintiff was on parole. The court coordinator refused to allow plaintiff to speak to his attorney, Lydia Johnson. Plaintiff complains that his second attorney, Monica Gonzales, did not investigate the case and did not discuss trial strategy with him. Gonzales was, however, able to get the state district court to set bond at $250,000, which plaintiff complains is excessive. Plaintiff also claims that every time he refuses to enter a guilty plea, his case is re-set without his consent and in violation of the

Speedy Trial Act.  Plaintiff also complains about the conditions at the Harris County Jail and his inability to attend Islamic services.  (Docket Entry No.1).

Plaintiff did not respond to questions posed in the Court's Order for More Definite Statement as to whether he had challenged the alleged violation of the Speedy Trial Act and the imposition of excessive bail in state court.[1]  State court records do not reflect that he has filed anything within the last few years in the state intermediate appellate courts.  Moreover, plaintiff does not indicate that he has filed grievances complaining of the conditions under which he is confined or that he has been denied the opportunity to attend religious services.

In the pending Petition for Writ of Mandamus, plaintiff indicates that he is now proceeding *pro se* in state court.  (Docket Entry No.12).  He claims that his motion for a bond reduction has been denied in state district court and his complaints about a speedy trial have gone unheeded.  He seeks a writ of mandamus ordering the state district court to conduct an examining trial, to dismiss the indictment against him, and to transfer the criminal case to another court.  (*Id.*).  Plaintiff also seeks a temporary restraining order and a preliminary injunction.  (Docket Entry No.4).

II.   DISCUSSION

A.   Habeas Claims

Because plaintiff is a pre-trial detainee, his complaints regarding his right to a speedy trial, reasonable bail, and issues with respect to his criminal trial may be brought by a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  A petition filed under § 2241 on behalf of a  pre-trial detainee is not subject to the statutory requirement of exhaustion of remedies applicable to prisoners challenging state-court convictions under 28 U.S.C. § 2254.  A body of case law, however, has

---

[1]   Plaintiff indicates that his parole has not yet been revoked; therefore, he has not challenged its revocation in state court.  (Docket Entry No.8).

developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489- 92 (1973); *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225; *Braden*, 410 U.S. at 490-91.

The requirements of exhaustion are simple: An applicant must fairly apprize the highest state court of the federal rights which were allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Additionally, the applicant must present his claims in a procedurally correct manner. *Id.* Before a petitioner may be excused from the exhaustion requirement, he must show exceptional circumstances of peculiar urgency. *Id.*

Plaintiff's pleadings do not indicate any special circumstances which would warrant federal court interference in the normal process of proceeding to trial. Thus, plaintiff has not demonstrated that he should be excused from the exhaustion requirement. He has not shown an absence of available State corrective process or that exceptional circumstances exist that render such process ineffective.

To the extent that plaintiff seeks a speedy trial and complains that his bail is excessive, he fails to show that he has exhausted his state remedies. He has not filed a petition for writ of mandamus in state court, although such state remedy is available to him to secure a speedy trial. *See*

3

*Brown*, 530 F.2d at 1283-84.  He does not indicate that he has filed an appeal from the denial of the motion to reduce bail in state court, although such remedy is also available to him.  *See Saliba v. State*, 45 S.W.3d 329 (Tex. App.–Dallas, 2001, no pet.) (holding that appeal of denial of motion to reduce bond is among "narrow exceptions" to general rule requiring conviction before a criminal defendant may appeal).  A ruling from this Court on these issues would preempt the state court from performing its proper function.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

To the extent that petitioner seeks dismissal of the claims against him, *Braden* does not authorize pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes.  *Braden*, 410 U.S. at 493.  When state proceedings are concluded, federal habeas proceedings can be instituted by plaintiff after he has exhausted his state remedies.  Accordingly, plaintiff's habeas claims with respect to the criminal case against him will be dismissed, without prejudice.

B.   Mandamus

A writ of mandamus in federal district court authorizes the court to compel an officer of the United States to perform his duty.  28 U.S.C. § 1361.  This court does not have jurisdiction to issue a writ of mandamus against a state officer or a state court.  Accordingly, plaintiff's Petition for Writ of Mandamus will be denied.

C.   Civil Rights

Plaintiff's complaints with respect to the conditions of his confinement at the Harris County Jail, the interference with access to his appointed counsel, and the lack of religious services at the Jail are properly brought pursuant to 42 U.S.C. § 1983.  A plaintiff, however, must exhaust his administrative remedies before seeking relief on his civil rights claims in federal court.  Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that

"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Plaintiff does not indicate that he has exhausted any of his civil rights claims via the grievance procedures established at the Harris County Jail.  Accordingly, plaintiff is ORDERED to submit to the Court within twenty (20) days a written advisory, stating whether he has filed grievances with respect to each of these issues to the proper authorities at the Harris County Jail and if so, the outcome of each grievance. Plaintiff is further ORDERED to attach a copy of each grievance to his response or state in his advisory why such grievance is not available.  <u>Failure to comply as directed may result in dismissal of this action for want of prosecution.</u>

D.    <u>Injunctive Relief</u>

In the pending motion for injunctive relief, plaintiff complains about the conditions of his confinement, *i.e.*, overcrowding, exposure to infectious diseases, and lack of cleaning supplies. (Docket Entry No.4).  He also complains about his continued confinement and that his bail is excessive.  (*Id.*).

Under the federal rules, no preliminary injunction may be issued unless the adverse party has notice.  FED. R. CIV. P. 65(a)(1);  *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992).  A temporary restraining order may be granted without notice, if the requesting party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and shows the efforts that have been expended to give notice to the adverse party.  FED. R. CIV. P. 65(b).  Furthermore, the requesting party must give security in the amount the court deems proper, unless the party is the United States

or one of its officers or agencies.  FED. R. CIV. P. 65(c).  The defendants in this case have not been served and plaintiff presents no facts showing a substantial threat of irreparable injury.

To obtain a preliminary injunction, a plaintiff must establish the following prerequisites: (1) a substantial likelihood of success on the merits;  (2) a substantial threat of irreparable injury absent the injunction;  (3)  that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendants; and (4)  that the injunction does not disserve public interest.  *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000);  *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).  Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy.  *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985).  A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion on all of the prerequisites.  *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

In this case, plaintiff has not satisfied the first requirement with respect to his claims about his continued confinement and excessive bail because plaintiff has not exhausted his state court remedies with respect to those claims.  Likewise, plaintiff has not shown he has provided the Harris County Jail with the opportunity to address his claims about the conditions of his confinement by filing grievances with the proper officials at the Jail.  Nor has plaintiff met the second requirement of demonstrating that he faces a substantial risk of irreparable injury if the injunction is not granted. Plaintiff has not clearly carried his burden of persuasion, and therefore his  motion for a temporary restraining order and for injunctive relief will be denied.

III.    <u>CONCLUSION</u>

6

For these reasons, the Court ORDERS the following:

1.  Plaintiff's excessive bail and speedy trial claims are DISMISSED, without prejudice, because plaintiff has not exhausted the state court remedies available to him.

2.  Plaintiff's claims with respect to the pending criminal charges against him are DISMISSED, without prejudice.

3.  Plaintiff's Petition for Writ of Mandamus (Docket Entry No.12) is DENIED.

4.  Plaintiff's civil rights claims are RETAINED.

5.  Plaintiff shall submit a written advisory to the Court within twenty (20) days of entry of this Order, stating whether he has exhausted the administrative remedies available to him at the Harris County Jail on the civil rights claims in the pending complaint. Plaintiff shall attach a copy of each grievance to the advisory or state why such grievance is not available.

6.  Plaintiff's motion for a preliminary injunction and a temporary restraining order (Docket Entry No.4) is DENIED, without prejudice.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on February 17, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE