IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC GLEN CHACHERE, § | | |
|     HC SPN 00539241, § | | |
|         Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION H-05-3187 |
| § | | |
| HOUSTON POLICE DEPARTMENT, *et al.*, § | | |
|         Defendants. § | | |

OPINION ON DISMISSAL

Plaintiff Eric Glen Chachere, a parolee incarcerated in the Harris County, Texas Jail on charges of possession of a controlled substance and a violation of the conditions of his parole, filed a mixed petition, asserting claims that fall under 42 U.S.C. § 1983 and 28 U.S.C. § 2241. The Court dismissed plaintiff's habeas claims and ordered him to submit an advisory stating whether he had exhausted his administrative remedies with respect to his civil rights claims and to file a more definite statement of his claims. Plaintiff responded as ordered. (Docket Entries No.8, No.15). The Court entered a second order for a more definite statement (Docket Entry No.16), to which plaintiff responded on March 18, 2006. (Docket Entry No.17).

For the reasons to follow, the Court will dismiss the pending complaint with prejudice.

I.     BACKGROUND

Plaintiff reports that on December 15, 2004, he was in a car parked on private property when City of Houston Police Officers Burdick and Newman arrested him for possession of a controlled substance. Plaintiff claims the car and the drugs found in the car did not belong to him. (Docket Entry No.1). Plaintiff appeared before a magistrate judge, who denied bond. (*Id.*).

II.     DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).  Under that standard, a court must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.  *Id.* (citations omitted).

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law. 42 U.S.C. § 1983; *Migra v.Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States. *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986). Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference–not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). The negligent deprivation of life, liberty, or property is not a constitutional violation. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Moreover, to hold a defendant liable under section 1983, plaintiff must adduce facts demonstrating the defendant's participation in the alleged wrong. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

A.  <u>The City of Houston</u>

Plaintiff complains the City of Houston Police Department violated his civil rights by failing to correct the actions of Officers Burdick and Newman and by its practice of falsifying reports, documents, and lab work. (Docket Entry No.1). Plaintiff also complains that the Houston Police Department "is in the regular practice of falsifying reports, documents, and lab work which is

3

evidence[d] by the recent probe into the crime lab." (*Id.*). In his More Definite Statement, plaintiff complains the "City of Houston is ultimately responsible for allowing H.P.D. to knowingly continue to operate with [a] corrupt crime lab that allows officers to forge and falsify reports that has subjected plaintiff to approx. [sic] a year of illegal restraint on his liberty and unsanitary living conditions and overcrowded conditions violating his const. [sic] rights of illegal/arrest without warrant, probable cause or other authority and due course of law." (Docket Entry No.8, pages 7-8). In his Second More Definite Statement, plaintiff claims the City of Houston, and the H.P.D. crime lab have a policy and custom of refusing or neglecting to prevent violations of 42 U.S.C. §§ 1985 and 1986. (Docket Entry No.17, pages 3-4).

In Texas, a department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 314 (5th Cir. 1991). Plaintiff bears the burden of showing that a city or county department has the capacity to be sued. *Id.* at 314. Plaintiff has failed to allege or demonstrate that the City of Houston Police Department, and the City of Houston Crime Lab are separate legal entities having jural authority. Accordingly, plaintiff's claims against these departments are legally frivolous and subject to dismissal.

Plaintiff complains in his Advisory that the City of Houston has caused his lawn and landscaping business to suffer by detaining him. He claims to have suffered discrimination and imprisonment as a result of a conspiracy between the City of Houston and its police department and crime lab. Plaintiff maintains that he is confined because of the Police Department's policy and practice of racial profiling. (Docket Entry No.15, page 4).

Plaintiff fails to make any factual allegations against the City of Houston that would give rise to a claim of racial profiling, conspiracy, or any constitutional violation. Accordingly, these claims will be dismissed as conclusory.

B.   Illegal Arrest

Plaintiff claims that City of Houston Police Officers Burdick and Newman illegally arrested him without a warrant and without probable cause. (Docket Entries No.1, No.8). He further claims that Officers Burdick and Newman conspired with Defendant Lawrence, an Assistant Harris County District Attorney, to facilitate the arrest, when they called Lawrence to inquire about plaintiff's arrest and parole history.[1] Plaintiff maintains that Lawrence instructed Burdick and Newman how to falsify the arrest report to charge plaintiff with a drug offense without a warrant or probable cause or any other authority. (*Id.*). Plaintiff further maintains that the Houston Police Department is responsible for the illegal arrest because it acquiesced to the acts of Burdick and Newman and because it did not correct the situation. (Docket Entry No.8, page 2).

The Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of plaintiff's conviction or sentence, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *Heck,* furthermore, bars

---

[1] In his original complaint, plaintiff states that Lawrence told the officers that the only way to charge plaintiff with an offense "would be if they had reason to go to the residence . . . and if the drugs were in plain view." (Docket Entry No.1, page 6). After the officers explained to Lawrence that plaintiff was on parole until 2070, Lawrence accepted the case. (*Id.*). Thereafter, plaintiff was arrested. (*Id.*).

"damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *see also, Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996 ) (interpreting *Heck* to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges).

Plaintiff indicates that a charge of possession of a controlled substance was pending against him when he filed his original complaint. Plaintiff has provided nothing to indicate that such charge is not still pending or that it has not proceeded to a conviction.[2] If the Court were to grant him damages for the alleged false arrest under the facts of this case, such ruling would necessarily implicate the validity of a conviction for possession of a controlled substance stemming from the alleged false arrest. *See Sappington v. Bartee,* 195 F.3d 234, 237 (5th Cir. 1999) (holding that *Heck* bars recovery under a false arrest theory, because a "conviction for aggravated assault necessarily implies that there was probable cause for his arrest at that point in time"); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995) (holding that *Heck* bars recovery for false arrest, when there is probable cause for any of the charges made and plaintiff's "proof to establish his false arrest claim, *i.e.,* that there was no probable cause to arrest ... would demonstrate the invalidity of [plaintiff's] conviction).

Accordingly, under *Heck,* plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing the instant action. *See Hamilton,* 74 F.3d at 103. Plaintiff has failed to make such a showing. "[A] claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." *Harvey v.*

---

[2] The Court, however, notes that plaintiff has been released from the Harris County, Texas Jail.

*Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000). Consequently, plaintiff's claims for monetary damages for false arrest against defendants Burdine, Newman, and Lawrence are "legally frivolous" within the meaning of 28 U.S.C. § 1915. *Hamilton,* 74 F.3d at 103.

To the extent that plaintiff seeks relief from the Harris County District Attorney's Office, such office is not a legal entity subject to suit. *See e.g., Graves v. Stricklin*, No.3:03cv2219-L, 2003 WL 22718443 (N.D. Tex. Nov. 17, 2003), *report and recommendation adopted by* 2003 WL 22862690 (N.D. Tex. Dec. 2, 2003).

Accordingly, plaintiff's claims regarding his allegedly illegal arrest against defendants Burdick, Newman, Lawrence, and the Harris County District Attorney's Office will be dismissed as frivolous.

C.      Court Action

Plaintiff complains that an unnamed magistrate judge refused to set bond on his drug charge because the Assistant District Attorney requested that no bond be set since plaintiff is on parole. Plaintiff contends that the municipal courts within the Harris County Judicial District have agreed to deny bond to parolees charged with a new offense. (Docket Entry No.1). Plaintiff claims that when bail was finally set, it was excessive. (*Id.*).

To the extent that plaintiff seeks monetary relief from the magistrate judge, his section 1983 claim fails. Judges are absolutely immune from liability in the performance of their judicial duties. *Nixon v. Fitzgerald*, 457 U.S. 731, 745 (1982); *Pierson v. Ray,* 386 U.S. 547, 553-554 (1967). Plaintiff has not stated any facts that would show that the actions of the magistrate judge in this case were nonjudicial in nature or were taken in the complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Plaintiff also complains the court coordinator at the 183rd Criminal District Court interfered with his right to counsel. (Docket Entry No.1). Plaintiff claims that on December 27, 2004, he was in a holdover cell with other inmates at the 183rd Criminal District Court. His lawyer, Lydia Johnson, informed court personnel that she was on her way up to see plaintiff. Plaintiff maintains that the court coordinator, with this knowledge, instructed the bailiff to return plaintiff to the Harris County Jail. Plaintiff was told by some unknown source that the court coordinator was going to teach Attorney Jackson a lesson because the Court was on holiday schedule and this was the second day that Jackson had been late. (*Id.*).

Plaintiff does not allege that the court coordinator's actions were not taken under court order or at a judge's discretion. If the court coordinator's actions were, then the coordinator would also be entitled to absolute immunity. *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Notwithstanding such immunity, plaintiff's allegation that the court coordinator ordered the baliff to move plaintiff to another facility with knowledge that such move would inconvenience plaintiff's attorney does not state a violation of a right under the United States Constitution or a federal law.

Plaintiff also claims that the court coordinator intercepted and withheld documents filed and sent to the judge. (Docket Entry No.8). Prisoners have a right of access to the courts; this access must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 823 (1977). "In its most obvious and formal manifestation, the right protects one's physical access to the courts." *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989), *overruled on other grounds by Horton v. California*, 496 U.S. 128 (1990). To sustain a constitutional claim of denial of access to the courts, an inmate must show that he sustained an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The injury requirement is not satisfied merely by any type of frustrated legal claim; rather,

the injury must involve an attempt to pursue a challenge to the prisoner's confinement or a direct or indirect attack on his sentence. *Id.* at 354. Plaintiff does not state what documents were withheld or whether he suffered a harm from the court coordinator's alleged interference with his access to the court. Accordingly, this claim will be dismissed as frivolous.

To the extent that plaintiff seeks relief from the 183rd Criminal District Court of Harris County or the Harris County Municipal Courts, he fails to show that such courts are legal entities subject to suit. *See e.g. Martinez v. 291st Judicial Dist. Court*, No.3:01cv1907-X, 2001 WL 1478796 (N.D. Tex. 2001).

Accordingly, plaintiff's claims against the Magistrate Judge, the Harris County Municipal Courts, the 183rd Criminal District Court of Harris County, Texas, and its court coordinator will be dismissed as frivolous.

D.     Ineffective Assistance of Counsel

Plaintiff contends that Attorney Monica Gonzales, who has represented him since February 2005, has rendered ineffective assistance of counsel. Plaintiff complains that Gonzales has not discussed trial strategy with him nor investigated the case. Instead, plaintiff complains, she has attempted to coerce him into pleading guilty. Plaintiff claims Gonzales specifically told him to plead guilty because of his prior convictions and because she did not want to try his case. He further claims that the state district judge instructed Gonzales on March 1, 2005, to go to the car dealership to find out who owned the vehicle in which plaintiff was sitting when arrested, but Gonzales has refused or failed to do so. Plaintiff claims because of Gonzales's failure to provide constitutionally effective assistance of counsel, he has been held illegally. (*Id.*).

Section 1983 affords redress only for conduct committed by a person acting under color of state law. Neither appointed nor retained counsel acts under color of state law in representing a defendant in the course of a criminal case. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). As such the conduct of defendant Gonzales in representing plaintiff is not cognizable under § 1983. Plaintiff's claims against defendant Gonzales will be dismissed with prejudice as frivolous.

E.   Conditions of Confinement

In his original complaint, plaintiff claims that he has been subjected to cruel and unusual punishment by being housed in the Harris County, Texas Jail because it had not passed inspection. (Docket Entry No.1, page13). In his More Definite Statement, plaintiff complains that Harris County and Sheriff Tommy Thomas have violated his constitutional rights by exposing him to inhumane conditions of confinement at the Baker Street Jail such as 1) overcrowding the forty eight-man holding tank with up to eighty detainees; 2) inmate on inmate assaults caused by the Jail's failure to properly classify inmates; 3) threats and assaults on inmates by staff members; 4) religious discrimination; 5) inadequate mail room staff and distribution procedures; and, 6) unsanitary living conditions. (Docket Entry No.8). Plaintiff claims that he has had to sleep on the floor by the toilet and trash areas and has been moved several times. (*Id.*). He claims that diseases such as staff infections, tuberculosis, hepatitis, and HIV are unchecked and out of control. (*Id.*). Plaintiff seeks $250,000 in compensation for living under these conditions. (*Id.*).

In his Written Advisory (Docket Entry No.15), plaintiff indicates that he has written grievances on all of the conditions of which he complains in his pleadings but he does not state when he wrote them or the response that he received from jailers. (*Id.*).

In response to the Court's question in its Second Order for More Definite Statement, seeking specific facts including approximate dates with respect to the conditions under which he had been confined, plaintiff responded as follows:

> Assault by inmates, threats by staff, sleeping on unsanitary floors by leaky toilets, have to use same sink area guys dump collasol [sic] bag (with feces in it), sleep in same area with inmates with staff, Hepatitis, fights over food because unsupervised by staff, officer often play video games and look at photo gallery of beach party on computers that are in cell tank area. They do not monitor (properly) inmates; this results in more assaults. The officer threaten by saying don't come to my window for nothing or I'll kick your ?

(Docket Entry No.17). Plaintiff indicates that he has sustained a physical injury from an inmate assault but he states no details about the injury or the assault. In his advisory, plaintiff claims that he was assaulted by an inmate with mental problems who had been inappropriately housed with plaintiff. (Docket Entry No.15). Although the inmate was moved after the assault, plaintiff indicates that he is still in danger of being assaulted. (*Id.*).

He also complains that he had been threatened with physical harm from the exposure to disease and the unsanitary conditions. He claims that he has filed grievances complaining about the conditions at the jail but he does not state when he filed the grievances. He further claims that the grievances have not been returned to him as of March 18, 2006, the date he filed the response to the Second Order for More Definite Statement. (*Id.*).

Plaintiff seeks compensatory relief from Sheriff Tommy Thomas and Harris County for his alleged injuries and exposure to disease. Because plaintiff does not state the nature and extent of

any physical injury that he has allegedly suffered,[3] he cannot recover compensatory damages from Harris County or Sheriff Thomas for any emotional damages that he may have suffered. *See* 42 U.S.C. § 1997e(e). Moreover, plaintiff fails to show that these claims are the result of an official policy, custom, or practice of Harris County. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Accordingly, plaintiff's claims against Harris County and Sheriff Thomas will be dismissed as frivolous.

Plaintiff further contends that the Harris County Sheriff's Department and Harris County have a policy and custom of refusing or neglecting to prevent violations of 42 U.S.C. §§ 1985 and 1986. (Docket Entry No.17, pages 3-4). Plaintiff, however, states no facts to support this allegation. Therefore, this claim is conclusory and subject to dismissal.

F.  Exercise of Religious Beliefs

Next, plaintiff complains that he is being discriminated against because the Harris County Jail (the "Jail") allows Christian services twice or more weekly but does not provide an Islamic service on Friday and does not provide a sanitary space in which to hold such service. (Docket Entry No.1). Plaintiff indicates that he was told by some unnamed source that the Jail only had Christian services even though the inmate rule book stated that an inmate should contact the chaplain's department. (*Id.*).

In his Written Advisory (Docket Entry No.15), plaintiff indicates that he filed a request for an Islamic service ("Jumah") and has submitted grievances about religious discrimination. He indicates that he specifically complained about the Jail not allowing a Jumah or a sanitary area to

---

[3] Plaintiff has been given several opportunities to state the nature and extent of his physical injuries but he has not. He claims to have been threatened for complaining about the assault but he does not state by whom. (Docket Entry No.17).

conduct such service but he does not state when he filed the grievances or the Jail's response to the grievances. (*Id.*). Plaintiff indicates that he has been an inmate coordinator in TDCJ and is capable of holding a Jumah. (*Id.*).

Plaintiff further claims that the Christian and Catholic chaplains, along with a host of volunteers, hold religious functions at least twice a week. (*Id.*). He complains that the Harris County Jail does not employ an Islamic chaplain, who could monitor an inmate coordinator, and that he has never seen the Islamic volunteer that the Christian chaplain told him is available. (*Id.*).

In his Second More Definite Statement (Docket Entry No.17), plaintiff indicates that he asked the chaplain to provide a Jumah in December 2004, January 2005, March 2005, July and August, 2005, October and November 2005, and February 2006. He claims at one point he stopped the chaplain in the hallway and asked why his requests had not been answered. The chaplain told plaintiff that the Jail had only one volunteer for Muslim inmates. The chaplain then offered to send plaintiff some reading material. (*Id.*). Plaintiff maintains that his request for a Friday night service was ignored. (*Id.*)

Plaintiff indicates that he filed three grievances in 2005 and one in 2006, complaining about the lack of prayer services but he had not received an answer when he filed his more definite statement. (*Id.*). In April of 2006, plaintiff spoke to the Islamic volunteer, who had been sent to speak with him. The volunteer offered plaintiff a copy of the Quron. Plaintiff, however, requested a Friday prayer service. The volunteer promised to speak with the chaplain's office about a Muslim prayer service in the Jail. (*Id.*).

Plaintiff is no longer confined in the Harris County Jail. Once a civil rights plaintiff is no longer incarcerated at the facility giving rise to his complaint, he no longer has a live controversy

13

as to his civil right claim that would entitle him to injunctive or declaratory relief. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985); *see Herman v. Holiday*, 238 F.3d 660, 664-65 (5th Cir. 2001). "Therefore, any claims for injunctive relief to correct procedures and practices at that facility are moot." *Id.* Accordingly, to the extent that plaintiff seeks injunctive or equitable relief on his claim of religious discrimination, such relief will be denied because his claims are subject to dismissal as moot.

Plaintiff does not seek nominal or punitive damages on his religious discrimination claims. To the extent that he seeks compensatory damages, he fails to show that he suffered a physical injury that would give rise to damages for mental and emotional injuries on such claims as required by 42 U.S.C. § 1997e(e). Accordingly, plaintiff's religious discrimination claims will be dismissed as legally frivolous.

G.   Local Rules

Alternatively, plaintiff's complaint is subject to dismissal for want of prosecution. Court records show that plaintiff has been released from the Harris County Jail (Docket Entry No.20), but he has not provided the Court with a forwarding address, as required by local rule 83.4. Plaintiff's failure to pursue this action forces the Court to conclude that he lacks due diligence. Accordingly, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).

III.   CONCLUSION

For these reasons, the Court ORDERS the following:

1. Plaintiff's claims against all defendants are DENIED. Plaintiff civil rights complaint is DISMISSED WITH PREJUDICE.

2. All pending motions, if any, are DENIED.

3. The Court granted plaintiff's application to proceed as a pauper but did not assess an initial partial filing fee because plaintiff lacked the requisite funds. The Court ordered plaintiff to pay the filing fee of $250.00, in periodic installments as required by 28 U.S.C. § 1915(b). The Court further ordered the agency having custody of plaintiff to collect this amount from plaintiff's inmate trust fund account, when funds were available, and forward it to the Court. (Docket Entry No.13). Plaintiff is no longer incarcerated in the Harris County Jail. He is now incarcerated in the Texas Department of Criminal Justice. The filing fee requirements of the Prison Litigation Reform Act, however, still apply to plaintiff. Accordingly, plaintiff shall pay the filing fee of $250.00, in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of plaintiff shall collect this amount from the plaintiff's inmate trust fund account, when funds are available, and forward it to the Court. The Clerk shall provide a copy of the order granting plaintiff's application to proceed as a pauper (Docket Entry No.13) to plaintiff and a copy of the same by facsimile transmission, regular mail, or e-mail to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.

The Clerk will provide a copy of this Order to the parties. The Clerk will also provide a copy of this Order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas on November 21, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

15